## CIRCUIT COURT OF THE CITY OF RICHMOND

William H. Phillips, II

v.

Richmond Newspapers, Inc.

### Case No. LL-131-3

By JUDGE T. J. MARKOW

### July 7, 1987

Eight former distributors of Richmond Newspapers, Inc. (RNI) filed motions for judgment alleging that RNI violated § 13.1-564 of the Code of Virginia, a part of the Retail Franchising Act, Chapter 8 of Title 13.1 of the Code of Virginia (the Act). Now before the court is a decision on RNI's demurrer. Each case is identical except that the plaintiffs are different. This opinion is applicable to each of these cases.

In the motion for judgment with its attached exhibits, plaintiffs allege that since 1972 they had contracts with RNI to distribute its newspapers within territories defined in the contracts.

Basically, the contracts provide that RNI will sell newspapers to the plaintiffs for a prescribed price. Plaintiffs will then sell the papers within the prescribed areas through free-standing coin operated racks or through racks placed in certain stores in the sales territory. Papers sold through the stores are sold by the plaintiffs to store owners at wholesale and all agree that this

part of the contract cannot be the basis of an action under the Retail Franchising Act, as the Act applies only to retail businesses. Va. Code Ann. § 13.1-559(b)(1). The racks are the property of the plaintiffs, having been purchased from RNI. RNI prescribes the locations of the racks. This is done in the original contract and may be supplemented by RNI during the term of the contract. The contract also requires that the racks be maintained in a certain manner and that certain logos and/or advertising materials be placed upon them.

Plaintiffs conclude that their arrangements with RNI were franchises and that they were terminated by RNI without "reasonable cause," a violation of § 13.1-564 of the Code of Virginia. RNI argues that the Act applies only where there is a contract which "contemplates or requires the franchisee to establish or maintain a *place of business* within the State of Virginia." Va. Code Ann. Section 13.1-559 (emphasis added). There are no Virginia cases which define "place of business," nor is this term defined by the legislature in the Act. The issue then is whether the contracts contemplate that the plaintiffs establish or maintain a place of business in the Commonwealth.

As the Act is in derogation of common law and provides criminal penalties, it should be construed strictly, notwithstanding its remedial purpose. *O'Connor v. Smith*, 188 Va. 214 (1948). Principles of strict construction simply require that the language of the statute be given its plain meaning; that a strained interpretation not be used so as to bring within the restraints and sanctions of the Act those not clearly intended by the legislature to be included.

While never defining the term, the Supreme Court of Virginia has determined that for purposes of unemployment compensation law the term "place of business" included a territory serviced by debit life insurance agents. *Life & Casualty Co. v. Collins*, 178 Va. 46 (1941), cited with approval in *U.C.C. v. Collins*, 182 Va. 426 (1944). Other than in these cases, the Supreme Court of Virginia has not spoken. Neither of these cases is helpful here, as the statute construed in each involved remedial legislation which was to be construed liberally to achieve the benefi-

cent purposes of the statute as contrasted with a statute requiring strict construction like that here.

I find little assistance in construing the Retail Franchising Act *in pari materia* with the Business Opportunity Sales Act, Va. Code Ann. §§ 59.1-262 to 59.1-269 (1982), as suggested by the defendant. The acts have different purposes, and obviously cover different parties; and, while there is some overlap in the activities covered, I do not believe one could infer a legislative intent to exclude newspaper publishers from the Retail Franchising Act because they were excluded from the Business Opportunity Act.

To find that the contracts in these cases contemplated or required "the franchisee to establish or maintain a *place of business* within the State of Virginia" would require one to determine that a free standing, unattended coin operated vending machine is a "place of business." I am unable to find any support for this interpretation, nor would such an interpretation be consistent with a strict statutory construction. Common understanding of the term "place of business" would not lead one to that interpretation. As I find nothing in the motions for judgment from which I can reasonably infer a requirement that a "place of business" be established or maintained by any of the plaintiffs, the demurrer must be sustained. If plaintiffs wish to plead over, they may do so within ten days of the date of the court's order sustaining the demurrer.

I need not reach RNI's final basis for its demurrer, which relates to release of liability arising from contracts prior to the most recent and no decision on that ground is made.

## October 5, 1987

I have reviewed the amended motion for judgment and the demurrer. The amended motion differs from the original motion for judgment in paragraph 20 which alleges that the contract between the parties required or contemplated that the plaintiff establish or maintain a place of business. It describes the place of business as (1) the service territory, (2) the locations of the coin rack newspaper dispensers, and (3) at the plaintiffs' homes

in which the plaintiffs maintained offices, received mail and telephone calls, stored racks and garaged automobiles. Defendant says that none of the three is a place of business. I agree.

Plaintiffs base their causes of action on the Virginia Retail Franchising Act, Chapter 8 of Title 13.1 of the Code of Virginia. The act does not apply unless there is a franchise agreement "which contemplates or requires the franchisee to establish or maintain a place of business within the State of Virginia."

"A place of business" connotes a specific geographic location from which the franchisee conducts the retail business contemplated in the franchise agreement. It contemplates a building or premises over which the franchisee exercises some control or dominion at which customers are received and sales are made. One would be required to stretch the ordinary meaning of place of business to include a service area covering several blocks, or over which the franchisee exercises no dominion or control. The court has previously ruled that the freestanding coin rack newspaper dispensers are not places of business.

The final issue is whether the plaintiffs' homes from which their businesses were operated brings the agreements within the Act.

Nothing in the agreements indicates any intent of the parties to establish any place of business such as a home office in the state. Under the agreement, the business could be serviced from an automobile or from a place outside the state. I do not believe that the defendant could successfully argue a breach of contract if home offices were not maintained. Additionally, these are not places from which the business described in the agreement is carried out. The business contemplated is the retail sale of newspapers. The houses are supportive of the franchise business. They are not the business establishments from which the business is conducted. They are not within the meaning of the Franchise Act. Neither party contemplated that this business would be conducted from an establishment.

For these reasons and those cited in the court's letter opinion of July 7, 1987, the demurrers will be sustained.